# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No. 5:18-CR-267-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ANTHONY GABRIEL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on Defendant's motion to proceed *pro se* with standby counsel. [DE-31]. The Government filed a response [DE-33], and the court held a hearing on April 18, 2019 [DE-34]. For the reasons that follow, the motion is allowed.

## I. BACKGROUND

Defendant was indicted by a grand jury for conspiracy to distribute one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count One") and for possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). [DE-1]. The indictment also alleged that Defendant had at least one prior conviction for a felony drug offense for purposes of 21 U.S.C. §§ 841(b) and 851. *Id.* If convicted, Defendant faces a significant term of imprisonment. *See* Penalty Sheet [DE-5] (indicting the minimum penalty on Count One is not less than ten years' imprisonment, not more than life and the potential enhanced sentence is not less than twenty years' imprisonment, not more than life).

At his initial appearance, Defendant was advised of the charges against him and the maximum penalties, and he indicated he understood them, although he expressed some disagreement regarding the drug quantity alleged in Count One. Defendant was advised of his

Constitutional rights, including his right to counsel, and the court appointed counsel to represent him. [DE-15].

At his detention hearing, Defendant was represented by counsel but expressed a desire to cross-examine the Government's witness. Defendant asked questions, some relevant and some improper, which appeared aimed at disputing the witness's testimony. The court cautioned Defendant that it was advisable for his attorney to question the witness but that he could continue at his own peril, and Defendant's counsel completed the cross-examination. Defendant also spoke in closing, which the court again advised against, and Defendant asserted his membership in the Moorish Science Temple and asking that his First Amendment rights be respected. Defendant's counsel also presented a closing argument. Defendant was detained pending arraignment and trial. [DE-29].

Defendant's arraignment was set for April 18, 2019, and on March 27, 2019, Defendant's counsel filed the instant motion for Defendant to proceed pro se with standby counsel. [DE-31]. On April 8, 2019, the court received a document from Defendant entitled Affidavit of Fact, which discussed his affiliation with the Moorish Science Temple of America and requested that "the Free National Constitution of the United States of America and the Divine Constitution and By-Laws of the Moorish Science Temple of America be upheld and respected." [DE-32]. The court held a hearing on Defendant's motion to proceed *pro se* on April 18, 2019. [DE-36].

## II. DISCUSSION

The Sixth Amendment provides criminal defendants with both a right to the assistance of counsel and an implied right to self-representation. *Faretta v. California*, 422 U.S. 806, 807, 819 (1975). A Defendant's waiver of the right to counsel must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely. *United States v. Jennings*, No. 5:18-CR-318-

FL-1, 2019 WL 1338388, at *1 (E.D.N.C. Mar. 25, 2019) (citing *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000)). "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (citations and internal quotation marks omitted). Furthermore, "the right to self-representation is not absolute" and may not be used as a delay tactic, for disruption, for distortion of the system, or for manipulation of the trial process. *Frazier-El*, 204 F.3d at 559–60 (citations omitted). Finally, "a pro se defendant has no right to standby counsel when he chooses to proceed pro se," and the court has "broad discretion to guide what, if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." *United States v. Beckton*, 740 F.3d 303, 307 (4th Cir. 2014) (citations omitted).

At the April 18, 2019 hearing on Defendant's motion to proceed *pro se* with standby counsel, the court heard from Defendant's counsel, the Government's counsel, and the Defendant. Defense counsel stated that he had met with his client by telephone or in person on three prior occasions and that Defendant had articulated a desire to proceed *pro se* "from the very beginning because of his affiliation with the Moorish Science Temple of America." Hr'g Tr. [DE-36] at 4:8–17. Defense counsel later clarified that he did not believe Defendant simply wanted to file frivolous motions but that Defendant's desire to proceed pro se "goes to the very heart of his right to represent himself as a human being . . . ." *Id.* at 11:19–25. Defense counsel advised his client against making frivolous legal arguments, and Defendant continued to assert his desire to proceed *pro se*. *Id.* at 4:18–25. Defense counsel advised the court he was willing to continue in his role as lead counsel or to proceed as standby counsel. *Id.* at 5:13–15. The Government argued that

3

Defendant's desire to file frivolous motions questioning the court's jurisdiction appeared to be his primary motivation to proceed *pro se*, citing Defendant's *pro se* filing [DE-32] and the *Frazier-El* case. *Id.* at 6:18–10:17, 20:18–21:11.

In response to questioning by the court, Defendant confirmed his desire to assert his Constitutional right to self-representation in this case. *Id.* at 6:2–14. Defendant acknowledged being a citizen of the United States, denied arguing he was "not in jurisdiction, or nothing like that," and affirmed he wanted to exercise his Constitutional right as a United States citizen to represent himself in court. *Id.* at 13:17–18, 22:6–14. The court questioned Defendant regarding his understanding of the charges and penalties against him, the potential implications of the sentencing guidelines, and the applicability of the Federal Rules of Evidence and Federal Rules of Criminal Procedure in court proceedings. *Id.* at 14:14–19:21. Defendant confirmed his understanding and stated he knew the Constitution and had been studying the Rules of Evidence and Procedure while incarcerated. *Id.* The court advised Defendant of the potential pitfalls of proceeding *pro se*, and Defendant indicated he still desired to represent himself. *Id.* at 19:22–20:15.

The court finds, based on the statements of Defense counsel, Defendant's conduct to date in the proceedings, and the court's colloquy with Defendant, that Defendant has waived his right to the assistance of counsel and that his waiver was clear and unequivocal; knowing, intelligent, and voluntary; timely; and not for an improper purpose. *Jennings*, 2019 WL 1338388, at *1. Furthermore, the court finds that Defendant's *pro se* filing [DE-32] is not clear evidence of his intention to flout the court's jurisdiction. Defendant expressly denied arguing he was "not in jurisdiction," Hr'g Tr. [DE-34] 22:6–14, which distinguishes the case from *Frazier-El* where the defendant repeatedly affirmed his intent to persist in arguing that the court lacked jurisdiction over

4

him due to his affiliation with the Moorish Science Temple, 204 F.3d at 557–58. The court finds little indication in the record to suggest a desire on Defendant's part to "manipulate[e] the system" but rather Defendant has indicated "an unequivocal desire to invoke his right of self-representation." *Id.* at 560. Accordingly, Defendant has waived his right to counsel and may proceed *pro se*.

The court also finds it appropriate to appoint Defendant's current counsel to continue in the role of standby counsel. The Government did not oppose and, in fact, endorsed that request in the event Defendant was allowed to proceed *pro se*. Gov't's Resp. [DE-33] at 12. The court may "appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834 n.46 (citation omitted). Here, standby counsel shall be generally limited to a responsive and advisory role. Standby counsel shall meet with Defendant initially to answer any questions Defendant may have regarding this proceeding. Thereafter, standby counsel shall meet upon request by Defendant, as reasonable, to provide assistance as specifically requested by Defendant with pretrial matters, which may include, but are not limited to, assistance with legal research and obtaining investigatory or other services, and trial preparation. Additionally, standby counsel shall attend all hearings at which Defendant appears and attend trial to assist Defendant in navigating the Federal Rules of Evidence and Criminal Procedure, as well as courtroom protocol, or other issues as specifically requested by Defendant or as directed by the court. However, in the event the case proceeds to trial, standby counsel may not participate at a level that would make the jury question whether the *pro se* Defendant is actually in charge of his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984).

Finally, the court declines to prospectively relieve the Government of any obligation to respond to "facially frivolous pleadings." Gov't's Resp. [DE-33] at 12. The Government should continue in the usual course to evaluate filings and respond appropriately.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion to proceed *pro se* with standby counsel [DE-31] is allowed.

SO ORDERED, this 2nd day of May 2019.

Robert B. Jones, Jr.
United States Magistrate Judge