IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-267-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANTHONY GABRIEL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss (DE 40). On July 18, 2018, defendant was indicted on two drug counts: 1) conspiracy to knowingly and intentionally distribute and possess with intent to distribute heroin in or about 2017 and continuing up to and until May 31, 2018; and 2) knowingly and intentionally possess with the intent to distribute one-hundred grams or more of heroin on or about May 31, 2018.

Defendant moves to dismiss with arguments largely based upon his religious practices including that the criminal charges which he faces violate his constitutional right to free exercise of his Moorish religion, and that the government's prosecution is illegal on account of his religion because he is somehow protected from it according to Moorish precepts. He notes adherents to the Moorish faith rode alongside General George Washington, and that fact, too, somehow inoculates him from prosecution. Defendant seeks dismissal due to "Fraud and Denationalization."

The Moorish faith does not factor into this case unless defendant's defense is somehow built on mistaken identity and defendant can show he was at other places and times espousing his beliefs, and not dealing drugs as alleged. Defendant is charged under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. These neutral, generally applicable statutes, which regulate controlled substances by imposing criminal penalties, do not offend anyone's free exercise of religion. See United States v. Meyers,

95 F.3d 1475, 1481 (10th Cir. 1996). If a Moorish adherent rode alongside General George Washington, that fact offers defendant no special protection from prosecution.

"To establish prosecutorial vindictiveness, a defendant must show through objective evidence that '(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus.'" United States v. Johnson, 325 F.3d 205, 210 (4th Cir. 2003) (quoting United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001)). Defendant offers no objective evidence of animus towards him and, equally, he does not show animus was the but for cause of his prosecution.

To the extent defendant contends that he cannot be prosecuted because a crime requires an injured party, this argument also is without merit, as criminal laws may hold a person accountable for "the actual harm caused to his victim or to society by his conduct." Graham v. Fla., 560 U.S. 48, 88 (2010) (emphasis added); see Harmelin v. Michigan, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring) ("Possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare of our population."); United States v. Cobler, 748 F.3d 570, 576 (4th Cir. 2014).

There being no basis in fact or in law, defendant's motion to dismiss is denied. The court reminds defendant of the risks of proceeding in this matter without counsel. Even though he has elected to proceed pro se, defendant remains responsible for understanding the law, including but not limited to the United States Constitution, pertinent provisions of the United States Code, Federal Rules of Evidence, Federal Rules of Criminal Procedure, and significant bodies of case law associated with each. Even a properly educated and licensed attorney must exercise considerable diligence to master these authorities. However, defendant is not an attorney, and the arguments

raised in his motion to dismiss concern the court regarding whether defendant will be able to advocate effectively.

The case is a serious one. The potential penalties defendant faces are severe. That he is more concerned, as his latest motion to wear a fez in court demonstrates, with his courtroom garb at such a critical juncture in this prosecution similarly concerns the court.

Because the developing record could be said to call into question whether this defendant knows what he is doing and has eyes wide open in making the choice to represent himself, see Faretta v. California, 422 U.S. 806, 835 (1975), the court remands the case to the magistrate judge for conduct of further Faretta hearing at time of arraignment.[1]

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 40) is DENIED. Defendant's waiver of his right to counsel shall be further developed in accordance with this order at time of arraignment.

SO ORDERED, this the 20th day of June, 2019.

                                                LOUISE W. FLANAGAN
                                                United States District Judge

---

[1] Defendant recites in motion the honor he feels towards President Abraham Lincoln. He may wish to consider too that Lincoln, also an attorney, is credited with having said "[h]e who represents himself has a fool for a client."